IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Bobbie Dillard, | ) | Civil Action No. 7:18-1063-AMQ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Whispering Pines, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, proceeding *pro se*, filed a petition for removal and federal stay of eviction from the state magistrate court, asserting a claim alleging a federal question arose from an eviction action against her for non-payment of rent (ECF No. 1.) The petitioner is a non-prisoner, and filed this action *in forma pauperis* under 28 U.S.C. § 1915. The matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald recommending that the District Court *sua sponte* remand this case to the State Magistrate Court for lack of subject matter jurisdiction. The Report was issued in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) for the District of South Carolina.

Magistrate Kevin F. McDonald issued the Report on April 20, 2018. (ECF No. 6.) The Magistrate Judge advised Plaintiff of the right to file objections to the Report, the procedures and requirements for filing objections to the Report, and the serious consequences if he failed to do so. (ECF No. 6 at 5.) As of the date of this Order, Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce… '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the record, the applicable law, and the Report, the Court finds the Magistrate Judge's recommendation to be proper and has determined that there is no clear error on the face of the record. Accordingly, the Court adopts the recommendation and incorporates the Report herein by specific reference. This case is *sua sponte* REMANDED to State Magistrate Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

**/s/ A. Marvin Quattlebaum, Jr.**
United States District Judge

May 16, 2018
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.